UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMAAL E. HAMILTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) NO. 1:20 CV 275 SNLJ |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner's Hamilton's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence," involving two underlying cases. Petitioner Hamilton was on supervised release in EDMO cause 1: 15 CR 7 SNLJ when he committed a new offense which was charged in EDMO 1:20 CR 70 SNLJ. At sentencing the District Court ordered Hamilton's sentence in the new offense to run consecutive to the supervised release violation, but concurrent with pending state charges. Hamilton now alleges an error in sentencing, in that he believes that the BOP should not have aggregated the sentences in the two federal cases. But as the record clearly reflects this Court intended to run the sentence on the supervised release violation consecutive to the sentence on the new offense. There is no need for an evidentiary hearing.

I.  **PROCEDURAL HISTORY.**

On September 18, 2015, Hamilton was convicted in the United States District Court for the Eastern District of Missouri, cause 1:15 CR 7 SNLJ of the offenses of conspiracy to distribute methamphetamine and being a felon in possession of a firearm. (1:15 CR 7 SNLJ, Doc # 49)(1:20 CR 70 SNLJ, Doc # 30, ¶ 48) Hamilton was sentenced to 54 months of incarceration to be followed by three years of supervised release. (1:15 CR 7 SNLJ, Doc # 49) On November 23, 2018, Hamilton was released to supervised release. (1:20 CR 70 SNLJ, Doc # 30, ¶ 48)

On July 2019, while still on supervised release, Hamilton was stopped for a traffic violation, and the officer observed a plastic bag containing drugs in plain view inside of Hamilton's vehicle. (Id) A probable cause search was conducted and 21.46 grams of methamphetamine were recovered. (Id at ¶ 13) Hamilton was indicted and charged with one count of possession of methamphetamine with intent to distribute in violation of Title 21, United States Code, Section 841(a)(1). (1:20 CR 70 SNLJ, Doc # 1)

On August 11, 2020, Hamilton pleaded guilty as charged (1:20 CR 70 SNLJ, Doc # 21) and on December 10, 2020, Hamilton was sentenced to 46 months of incarceration, to be followed by three years of supervised release. (Sent TRS, p. 10)(1:20 CR 70 SNLJ, Doc # 40) Separately, Hamilton's supervised release was revoked, and the Court sentenced Hamilton to 24 months of incarceration, to be served consecutive to the 46 months in the new offense. (Sent TRS, p. 12-13) This Court

2

ordered the federal sentences to be served concurrently with any sentence in Hamilton's pending state charges. (Sent TRS, p. 10)  Hamilton then filed a 2255 Motion in proper form on March 6, 2021. (Doc # 6)

## II.   LEGAL STANDARD

"Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quotation omitted). And like habeas corpus, this statutory remedy "does not encompass all claimed errors in conviction and sentencing." Id. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). Under Section 2255(a), a petitioner may file a motion for post-conviction review on four specified grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States.' (2) 'that the court was without jurisdiction to impose such sentence.' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack'." *Martin v. United States*, 150 F. Supp. 3d. 1047, 1049 (W.D. Mo. 2015) (quoting *Hill v. United States*, 368 U.S. 424, 426-27 (1962)); *See also* R. GOVERNING § 2255 PROCEEDINGS 1. The petitioner bears the burden of proof as to each asserted ground for relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019) (citation omitted).

A. Need for an Evidentiary Hearing.

28 U.S.C. § 2255 provides, in pertinent part:

3

> Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under § 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. In determining whether petitioner is entitled to an evidentiary hearing the court must take many of petitioner's factual averments as true, but the court need not give weight to conclusory allegations, self interest and characterizations, discredited inventions, or opprobrious epithets. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). A hearing is unnecessary when a Section 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and the records of the case. Id. at 225-6; see also *United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

When all the information necessary for the court to make a decision with regard to claims raised in a 2255 motion is included in the record, there is no need for an evidentiary hearing. *Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993). An

4

evidentiary hearing is unnecessary where the files and records conclusively show petitioner is not entitled to relief. *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989).

## II.   DISCUSSION

Hamilton alleges in his Section 2255 Motion that the Bureau of Prisons wrongfully imposed consecutive sentences on him for the two federal cases. Specifically, he argues:

> On Dec. 10th 2020 I was sentenced by Stephen N. Limbaugh under case no. 1:15- CR-00007 to 24 months to be ran consecutive to case no. 19 CG-CR 01098 out of Cape Girardeau Missouri, and concurrent to case no. 1:20-CR-00070 in which I was previously sentenced to 46 months. This establish a total prison term of 46 months and not 70 months which was handed down to the BOP for time to be served.

(Doc # 6, p. 4)

The record clearly reflects that this is not what this Court ordered, and Hamilton is simply mistaken in belief that he received concurrent sentences on the two federal cases. At the sentencing hearing this Court addressed the new offense first, and clearly imposed that sentence consecutive to the sentence for the supervised release violation:

> In Case Number 20-CR-070 it's the judgment and sentence of the Court that you, Jamaal Erskin Hamilton, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 46 months. And **that sentence shall run consecutively and not concurrently with the sentence I'll impose in Case Number 15-CR-007.** That will run concurrently with any other sentence imposed against you in any other court of jurisdiction, including the case pending in the Circuit Court of Cape Girardeau County in 19CG-CR-01098-01, which I believe is the same offense.

5

> (Sent TRS, p. 10)(emphasis added)

This Court re-affirmed that determination when later in the proceedings it sentenced Hamilton on the supervised release violation.

> So, again, in Case Number 15-CR-007 … it's the judgment and sentence of the Court that you, Jamaal Erskin Hamilton, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 24 months on both counts to be served, as I mentioned before, concurrently to each other, but **consecutively to the term of imprisonment in Case Number 20-CR-070**.

> (Transcript of Sentencing p. 13)(emphasis added)

The written Judgement in 1:20-CR-70 SNLJ is consistent with the Court's oral pronouncement of the sentence at the hearing.

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 46 months as to count 1r. **This sentence shall run consecutive** with any sentence imposed in United States District Court, Eastern District of Missouri, under Docket No.: 1:15CR00007-1 SNLJ: and concurrent with any sentence imposed in Circuit Court, Cape Girardeau County, Missouri, under Docket No.: 19CG-CR01098-01 or any other case in any jurisdiction.

> (1:20-CR-00070-SNLJ, Doc # 40, p. 2)(emphasis added)

However, the initial written Judgement in the supervised release case, 1:15-CR-7 SNLJ, contained a mistake. The initial Judgement flipped the federal and state offenses, indicating that Hamilton's "sentence shall run **consecutively** to any term of imprisonment to be imposed in Cape Girardeau County, Missouri, Circuit Court in Docket No.: 19CG-CR01098, and **concurrent** to the sentence imposed in 1:20CR70SNLJ." (1:15-CR-7 SNLJ, Doc # 78, p.2)(emphasis added)

The mistake was caught, and an amended written Judgement was issued which was in conformity with the oral pronouncement of sentence at the hearing. (1:15-CR-7 SNLJ, Doc # 80, p. 2)

The record, as a whole, clearly demonstrates that this Court intended to sentence Hamilton to an aggregate term of 70 months, 46 months on the new offense, consecutive to 24 months for the supervised release violation. Hamilton is simply mistaken in believing that the two federal cases were ordered to be served concurrently.

IV.  **CONCLUSION**

For the foregoing reasons this Court denies Hamilton's § 2255 petition, without a hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Hamilton has not made a substantial showing of the denial of a federal constitutional right.

Dated this  9th  day of June 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE